**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DONNA GWINN,**

**Plaintiff,**

**vs.**                                                   **Case No.: 8:07-cv-01017-T-23MSS**

**UNITED STATES OF AMERICA,** *et al*,

**Defendants.**

_____/

## REPORT AND RECOMMENDATION

This action is brought for consideration on behalf of Plaintiff, Donna Gwinn's

Motion to Proceed *In Forma Pauperis* (the "Motion") and accompanying Affidavit of

Indigency (Dkt. 2).

**I.     Background**

Plaintiff brings this action pursuant to Section 7431 of the Internal Revenue

Code for the unlawful disclosure of confidential tax return information by Internal

Revenue Service ("IRS") employees.  Plaintiff seeks statutory damages pursuant to

Section 7431(c)(1), actual damages, punitive damages and costs and fees.

In summary, Plaintiff claims that Defendants, through IRS Agents C. Austen,

Bryan Morris and other unknown employees of the IRS, unlawfully disclosed

confidential information regarding Plaintiff's identity and tax return/debt information in

the public records of Pinellas County, Florida.  Aside from the disclosure, Plaintiff

Case 8:07-cv-01017-SDM-MSS   Document 4   Filed 11/05/07   Page 2 of 7 PageID 36

alleges that the tax liens were not filed or certified in accordance with Florida law or the Uniform Federal Lien Registration Act; that the IRS agents failed to perfect the liens as required under Florida law; and, that the IRS agents failed to follow the rules and regulations regarding reviewing tax liens which are contained within the Internal Revenue Manual.   Plaintiff also claims that she has suffered harassment by unwarranted investigations by the IRS.

## II.   DISCUSSION

When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915(a), the "determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)(quoting Watson v. Ault, 525 F. 2d 886, 891 (5th Cir. 1976)).  Once the threshold question of poverty is satisfied, the court must determine whether the IFP motion should be denied and the case dismissed because the complaint is frivolous, malicious, fails to state a claim or seeks relief against a defendant who is immune from the requested relief. 28 U.S.C. § 1915(e)(2)(B) (1996).

### A.   Allegations of Poverty

An IFP affidavit filed in support of a motion to proceed IFP should be accepted "absent a serious misrepresentation."  Martinex, 364 F.3d at 1307.  An IFP "affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs * * * and still be able to provide' himself and dependents 'with the

2

necessities of life.'"  Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948)).

Plaintiff's IFP affidavit indicates an income of $600 per month and ownership of a 1977 mobile home appraised at $2,000.  Plaintiff has one dependent and is obligated to pay $300 per month in rent for a house or apartment.  In addition, Plaintiff indicates two substantial liens in sum totaling $198,556.65, which are the subject of the underlying action, and a hospital debt of $24,000.  The Undersigned, therefore finds that Plaintiff has made sufficient allegations of poverty and satisfied the threshold question of financial eligibility.

**B.    Complaint**

The Court is, therefore, required to determine whether Plaintiff's Complaint is frivolous, malicious, fails to state a claim or is against someone who is protected by immunity and, therefore, subject to dismissal.  28 U.S.C. § 1915(e)(2)(B)(i-iii).  A complaint is deemed frivolous when "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  That is to say, a court must evaluate the plaintiff's complaint to determine whether "the plaintiff's realistic chances of ultimate success are slight."  Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990).  *Pro se* complaints should be held to a less stringent standard than formal pleadings drafted by lawyers.  See Watson, 525 F.2d at 891.

Against this standard, the Undersigned notes at the outset that the IRS is not a proper party to this action.  Congress has not expressly authorized suit against the

IRS, therefore, the United States is the only real party in interest.  See Deleeuw v.

Internal Revenue Serv., 681 F. Supp. 402, 403-04 (E.D. Mich. 1987) ("An executive

department of the United States or one of its agencies may only be sued in its own

name if the authority to be sued has been expressly been [sic] conferred by Congress.

. . . Congress has not authorized the Treasury Department or any of its divisions or

bureaus to be sued.").  Thus, as plead, Plaintiff's putative claim against the IRS would

be subject to dismissal.

Section 7431 of the Internal Revenue Code does create a private cause of

action by a taxpayer against the United States for improper disclosure of return

information and provides for damages for the same. 26 U.S.C. § 7431 (2006).  Return

information is defined in the statute as "a taxpayer's identity, the nature, source, or

amount of his income, payments, receipts, deductions, exemptions, credits, assets,

liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax

payments, [etc]." 26 U.S.C. § 6103(b)(2) (2007).  The statute provides, however, that

an internal revenue officer or employee is not in violation of the section when, in

connection with official duties, he or she "disclose[s] return information to the extent

that such disclosure is necessary in obtaining information, which is not otherwise

reasonably available, with respect to the correct determination of tax, liability for tax,

or the amount to be collected or with respect to the enforcement of any other provision

of [the Internal Revenue Code]." 26 U.S.C. § 6103(k)(6).  The Treasury Department

has promulgated regulations identifying instances in which disclosure is authorized.

For example, and directly pertinent here, disclosure is permissible when the internal

revenue officer or employee is:

> Establishing or verifying the financial status or condition and location of the taxpayer against whom collection activity is or may be directed, to locate assets in which the taxpayer has an interest, to ascertain the amount of any liability . . . or otherwise to apply the provisions of the Internal Revenue Code *relating to establishment of liens* against such assets, or levy, seizure, or sale on or of the assets to satisfy any such liability . . . .

Treas. Reg. § 301.6103(k)(6)-1(a)(vi) (2006) (emphasis added).

In her Complaint against the United States, Plaintiff has expressly alleged that

her "return information" was disclosed by IRS Agents in June 2002 and February 2005

in Notices of Federal Tax Liens filed with Pinellas County.  Plaintiff contends a full

disclosure was unnecessary and has subjected her to substantial embarrassment and

"loss of goodwill."   (Pl. Compl. ¶18)   These challenged disclosures of return

information by the internal revenue officers for the purpose of establishing liens are

specifically authorized by statute and the Treasury Regulations.   Treas. Reg. §

301.6103(k)(6)-1(a)(vi).   Because an exception has been made to the general

confidentiality rule with respect to tax liens, Plaintiff's realistic chances of ultimate

success on her claim for damages due to the disclosure of her return information are

slight.  See Moreland, 899 F.2d at 1170.  Thus, Plaintiff's claim against the United

States is subject to dismissal.  See Petroski v. United States, No. 8:07-CV-1016-T-

27TBM, 2007 WL 2225810, at *1,3 (M.D. Fla. July 31, 2007) (Whittemore, J.)

(dismissing a Section 7431 action against the United States with prejudice on a

motion to proceed IFP on the ground that the plaintiff had "'little or no chance of [succeeding on the merits].'"); Stoecklin v. United States, No. 92-31-CIV-OC-16, 1992 WL 315548, at *2 (M.D. Fla. July 24, 1992) (Moore, J.) (dismissing the same on a motion to dismiss).

The Undersigned also notes Plaintiff's general allegations that the Notices of Federal Tax Liens were insufficient according to the procedures for filing prescribed in the IRS' internal regulations, state law and federal law.  Plaintiff does not request relief on these grounds or cite any authority that would grant her relief for what she deems to be procedural defects.  Further, the Undersigned does not find relief on these grounds to be warranted based on the allegations in the Complaint.  See United States v.  Washington, 749 F.2d 1283, 1286 (9th Cir. 1984) ("notice of a federal tax lien need not be filed in accordance with the laws of the state where the property is located, except those pertaining to the place of filing." (citing United States v. Union Cent. Life Ins. Co., 368 U.S. 291, 296 (1961))); Petroski v. United States, 2007 WL 2225810, at *3 ("notice is sufficient if it is given in the form called for by section 6323(a) without regard to the general requirements for recording under the laws of the state."); 26 U.S.C. § 6323(f)(3) (1998) (the form and content of the notice shall be prescribed by the Secretary.  Notice is valid "notwithstanding any other provision of law regarding form or content of a notice of lien.").

**III.     CONCLUSION**

In light of the foregoing, the Undersigned respectfully **RECOMMENDS** that the Court **DENY** Plaintiff's Motion (Dkt. 2) and **DISMISS** this action.

Respectfully **RECOMMENDED** in Tampa, Florida on this 5th day of November 2007.

MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within **ten (10) days** from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies furnished to:

Unrepresented Parties
Presiding District Judge
Counsel of Record